# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MICHAEL EDWARD ALLEN                                                               PLAINTIFF
#19998

v.                                          4:20CV00808-JM-JTK

LUCAS EMBERTON, et al.                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Allen is a pretrial inmate confined at the Van Buren County Jail who filed this pro se 42 U.S.C. § 1983 action, alleging interference with his personal mail. (Doc. No. 1) By Order dated July 16, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to file an Amended Complaint within thirty days, noting that he did not include any specific facts/allegations against any of the three named Defendants. (Doc. No. 6, p. 3) Plaintiff submitted an Amended Complaint in which he complained about denial of adequate medical care by Defendant Emberton, but again did not allege knowledge and/or participation by that Defendant. (Doc. No. 7) Therefore, by Order dated July 23, 2020, the Court granted Plaintiff one final opportunity in which to submit a second Amended Complaint within thirty days. (Doc. No. 8)

Plaintiff has now submitted a second Amended Complaint (Doc. No. 10). Having reviewed such, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.      Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.     Facts and Analysis

As noted earlier, Plaintiff alleged interference with his personal mail in his Original Complaint, but failed to include specific allegations against the three named Defendants. In his Amended Complaint, he alleged a completely different claim, denial of medical care, but failed to include specific allegations against the Defendant. In the second Amended Complaint, he returned to the mail claim, but again did not allege any specific facts or participation involving the three Defendants, other than to say that "the defendants are the 3 persons responsible for mail and policy concerning it." (Doc. No. 10, p. 2)

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff stated in his original complaint that he is housed at the Jail as a pretrial detainee (Doc. No. 2, p. 3); therefore, due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976). With respect to his First Amendment claim, "[t]he Courts are clear that an administrative decision by prison officials to withhold or delay the distribution of uncensored mail to prisoners simply does not rise to the level of a constitutional violation so long as the delay is a reasonable one." Odom v. Tripp, 575 F. Supp. 1491, 1493 (E.D.MO 1983) That court noted that a

weekend delay in distribution from a Friday to a Monday was considered reasonable in Owen v. Shuler, 466 F.Supp. 5, 7 (N.D.IN 1977), aff'd 594 F.2d 867 (7th Cir. 1979). In addition, the Odom Court noted that reasonable mail restrictions in pretrial detainee situations were upheld in several cases. 575 F.Supp. at 1493.

In the second Amended Complaint, Plaintiff complained that he asked his mother to send him a copy of his bank statement (after he had not seen one in six months), and after waiting for two weeks for the statement, he asked her to call the Jail about it. (Doc. No. 10, p. 1) She was told that the letter was received but was being withheld for a good reason. (Id.) When Plaintiff filed a complaint with the Jail, he received the mail, postmarked June 23, 2020, on July 1, 2020. (Id.) Plaintiff claimed that because of the delay he was unsure if he could pay bills, and that Defendants violated his rights by withholding the mail. (Id., p. 2)

Despite Plaintiff's initial claim that he waited for two weeks for the statement, he admitted that the mail was posted on June 23 and received on July 1, a period of eight days. He also admitted that he had not seen a bank statement for six months prior to that time. Therefore, the Court finds that an eight-day delay between posting and receipt was not unreasonable, and therefore, does not support a First Amendment claim for relief. Furthermore, despite the Courts' two Orders directing him to provide specific facts against each named Defendant (Doc. Nos. 6, 8), Plaintiff again failed to provide such or to allege any type of intent to punish by Defendants. He also did not allege any specific harm, especially since he admitted that prior to asking his mother to send him a copy, he had not seen a bank statement for six months. Therefore, the Court finds that Plaintiff's allegations against Defendants fail to support a constitutional claim for relief, and that his second Amended Complaint should be dismissed.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's second Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 17th day of August, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.